IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD GORDON TORREY, III,

    Petitioner,                    No. 2: 11-cv-1949 KJN P

    vs.

ATTORNEY GENERAL, et al.,

    Respondents.              ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

////

////

////

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The petition raises four claims. Petitioner concedes that claims two and three are not exhausted.

A court may stay a petition while the petitioner returns to state court to exhaust state court remedies and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269 (1995). King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The procedure varies depending on whether the petition presents fully exhausted claims, or a mix of exhausted and unexhausted claims.

Under Kelly, the petitioner amends his petition to delete any unexhausted claims, and the court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id.

Under Rhines, a court may stay a mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. Rhines, 544 U.S. at 277. Under Rhines, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" King, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277-78). The Kelly procedure, which remains available after Rhines, does not require a showing of good cause. King, 564 F.3d at 1140.

Both Kelly and Rhines "are directed at solving the same problem – namely, the

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136. The Rhines procedure "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court throughout." Id. at 1140. On the other hand, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." Id. at 1140-41. Because the Kelly procedure requires petitioners to dismiss their unexhausted claims and then attempt to add them back into the federal petition later, the Kelly procedure does not protect a petitioner's unexhausted claims from untimeliness.

In the instant case, petitioner's options are to either dismiss the unexhausted claims and proceed on the exhausted claims only, or seek a stay of this action and return to state court to exhaust the unexhausted claims. Accordingly, petitioner is ordered to inform the court how he wishes to proceed. If petitioner requests to stay this action, he shall inform the court whether he seeks a stay pursuant to the procedures outlined in Rhines or Kelly. If petitioner requests a stay pursuant to Rhines, his further briefing shall address the issue of good cause, i.e. why he failed to exhaust his unexhausted claims in state court before filing this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. Within thirty days of the date of this order, petitioner shall file the further briefing discussed above addressing how he wishes to proceed.

DATED: July 29, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tor1949.hab